IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TARUN KUMAR VYAS, ) | |
|     Petitioner, ) | Civil Action No. 7:22cv00472 |
| ) | |
| v. ) | |
| ) | |
| HAROLD CLARKE, ) | By: Elizabeth K. Dillon |
| SHERIFF BRYAN HUTCHESON, and ) |     United States District Judge |
| JASON MIYARES, ) | |
|     Respondents. | |

**DISMISSAL ORDER**

Tarun Kumar Vyas, a Virginia inmate proceeding *pro se*, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his conviction and sentence imposed by the Rockingham County Circuit Court on March 31, 2020. Review of state court records indicates that Vyas still has a pending habeas petition before the Supreme Court of Virginia; thus, his state remedies are not yet exhausted. Accordingly, the court must summarily dismiss the case without prejudice under Rule 4 of the Rules Governing Section 2254 Cases.

A federal court may not grant a § 2254 petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. 28 U.S.C. § 2254(b). To exhaust his state remedies, Vyas must present his claims to the highest state court with jurisdiction to consider them, in this case, the Supreme Court of Virginia. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Failure to do so "deprive[s] the state courts of an opportunity to address those claims in the first instance." *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991). Where, as here, a petitioner files in federal court before the state has had the opportunity to decide his habeas claims, the federal court should dismiss the petition without prejudice until his state remedies are exhausted. *See Slayton v. Smith*, 404 U.S. 53, 54 (1971).

Because Vyas' state petition is already pending in the Supreme Court of Virginia, Vyas need only await the decision of that court before filing his federal petition. A properly filed state habeas petition tolls the federal habeas statute of limitations. 28 U.S.C. § 2244(d)(2). When Vyas filed his state petition on May 26, 2022, 219 days of the federal statute of limitations had passed, leaving 146 days in which to file a timely federal petition, if desired, once the state court has rendered its decision.

For the reasons stated above, Vyas' petition is summarily **DISMISSED WITHOUT PREJUDICE** because he has not yet exhausted his available state court remedies. Further, because this matter is dismissed, the motion to proceed *in forma pauperis* (Dkt. No. 2) is also **DISMISSED AS MOOT**. The Clerk is directed to **STRIKE** this case from the active docket of this court. The Clerk is further directed to mail a copy of this order to Vyas.

Entered: September 14, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge